**7**

Byron Lee Lynch, State Bar No. 074729
Post Office Box 685
Shasta Lake, CA 96019
Telephone [530] 244-1235

Attorney for Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| In re: | Case No. | 09-43258-A-7 |
|---|---|---|
| STEVEN MCKEE SHOEMAKER & URSULA HILDEGARD SHOEMAKER, Debtors. | MC#: Date: Time: Dept: Ct. Rm | BLL-3 April 12, 2010 9:00 AM A 28 |

### TRUSTEE'S MOTION
1. **SEEKING ACCEPTANCE OF BID AND OVERBIDS ON REAL PROPERTY AND AUTHORITY TO SELL;**
2. **THAT CERTIAN LIENS ATTACH TO THE NET PROCEEDS OF SALE; and**
3. **THAT UNDERSECURED LIENS BE DEEMED UNSECURED**

**Recitals:**

1. This is your trustee's motion to approve the sale of a single family residence located at 3794, Hacienda Road, Cottonwood, California, 96022, (Subject Property). The legal description to the Subject Property is filed herewith as Exhibit "A".

2. Your trustee has entered into a *California Residential Purchase Agreement And Joint Escrow Instructions* (Bid) with Nathan Babcock and Jill A. Killian. A copy of the Bid, which is

Motion BLL-3

Page 1 of 7

subject to bankruptcy court approval, is attached hereto as Exhibit "B". The bid price is $225,000 cash, or cash equivalent.

3. The Bid is accompanied by a $1,000 good faith deposit, which is refundable unless the bidder is the successful bidder and the sale does not close due to circumstances within the control of the bidder, in which event the deposit shall become non-refundable and be retained by the bankruptcy estate.

4. The Subject Property is to be "sold as is, without any representations, conditions, or warranties except warranty of title".

5. The estate will pay 1/2 of the escrow and title expenses, incidental costs directly related to the sale of the subject property, and pro-rated property taxes. **Total escrow and title expenses are estimated to be $11,804.25. Realtor commissions are 6%, and based on the original Bid amount, are $13,500.**

6. A copy of the exceptions to a preliminary report, issued by Placer Title Company, Preliminary Report No. 1402-16244 is filed herewith as Exhibit "C".

> a. In this case, there are two Trust Deeds which secure a balance due on account of promissory notes. Both of the promissory notes will be paid through escrow and the Trust Deeds satisfied.
>
> b. The Internal Revenue Service has a junior lien, subject to consentual trust deeds, exclusive of any amounts charged for penalties, that will exceed the sale price and consume all of the proceeds of sale. The lien was first recorded in the amount of $163,550.34 on July 21, 2000.

Motion
BLL-3

Page 2 of 7

Law Office Of
BYRON LEE LYNCH
P.O. Box 685
Shasta Lake, CA 96019

The Internal Revenue Service has consented to the sale of the Subject Property and agreed to subordinate its lien to administrative expenses as allowed by the court. The <u>Internal Revenue Service Consent To Sell Real Property With Liens Subordinating To Administrative Claims As Allowed By The Court And Balance of Proceeds Attaching To The Proceeds of Sale</u> is filed herewith.

c.  Capitol One recorded an abstract of judgment in the original amount of $2,067.32 on January 27, 2005. Trustee anticipates that the lien of Capital One will become an unsecured lien pursuant to 11 U.S.C § 506(a) but to the extent there may be proceeds in excess of those that will be applied to the lien of the Internal Revenue Service. those proceeds will be applied to satisfying the Capital One lien.

d.  The State of California Employment Development Department first recorded a lien under the Unemployment Insurance Act to secure the amount of $10,760.84 on October 22, 2009. This lien was recorded just 5 days prior to the date the debtors filed their Bankruptcy Petition on October 27, 2009 and is within the preference period. This lien is subject to avoidance and on that basis is in bona fide dispute.

In addition, Trustee anticipates that the lien of State of California Employment Development Department will become an unsecured lien pursuant to 11 U.S.C § 506(a).

Law Office Of
BYRON LEE LYNCH
P.O. Box 685
Shasta Lake, CA 96019

**Overbids:**

7. Trustee requests that the court accept overbids in $1,000 increments, which are accompanied by a $1,000 deposit. All deposits are to be refundable unless the bidder's bid is accepted, and the sale does not close due to circumstances within the control of the bidder whose bid is accepted, in which event the deposit shall become non-refundable and be retained by the bankruptcy estate.

8. The buyers, and any overbidders, will be required to complete their due diligence prior to the court's hearing to approve the sale. When a Bid is accepted by the bankruptcy court, the successful bidder shall thereby become legally liable to purchase the Subject Property, **which is sold as is, without any representations, conditions, or warranties except warranty of title.**

9. **The bankruptcy court's order, following the hearing, approving the sale shall become the operative document which contains the terms of the sale. Terms and conditions of sale which are not specifically set forth in the court's order approving the sale will not survive the hearing on the motion nor apply to the sale.**

10. Trustee requests that any back-up bids that are approved by the court be approved as a pending offer that trustee may accept by notice to the back-up bidder. Any back-up bidder may withdraw such pending offer at any time prior to the time trustee's gives notice of acceptance. Withdrawals of pending offers and notice of acceptance may be by any reasonable means but shall be confirmed in writing.

Law Office Of
BYRON LEE LYNCH
P.O. Box 685
Shasta Lake, CA 96019

11. When a Bid is accepted by the bankruptcy court, each such bidder shall thereby become legally liable to purchase the Subject Property,

**Realtor Fees:**

12. The retention of Rob Middleton as Realtor has previously been approved on a 6% commission basis by order entered December 8, 2009. A copy of the <u>Order Authorizing Employment of Realtor For Trustee</u> is filed herewith as Exhibit "D". By this motion, trustee requests that a Realtor commission of 6% be approved.

**Authorities re Sale:**

13. Trustee's may sell property other than in the ordinary course of business, after notice and hearing, free and clear of any interest in which the entity that holds the interest consents to the sale, <u>11 U.S.C § 363(b)(f)(2)</u>. In addition, trustee's may sell property other than in the ordinary course of business after notice and hearing free and clear of any interest that are in bona fide dispute, <u>11 U.S.C § 363(b)(f)(4)</u>.

14. The Internal Revenue Service has consented to the sale on the condition that its lien attaching to the net proceeds of sale. The <u>Internal Revenue Service Consent To Sell Real Property With Liens Subordinating To Administrative Claims As Allowed By The Court And Balance of Proceeds Attaching To The Proceeds of Sale</u> is filed herewith.

Law Office Of
BYRON LEE LYNCH
P.O. Box 685
Shasta Lake, CA 96019

15. The recorded liens of the State of California and Capitol One are in bona fide dispute.

16. In this case, all senior liens of record and cost of sale are to be paid on the close of escrow. The Net Proceeds of sale are to be deposited into a segregated account with the liens of the Internal Revenue Service attaching to the Net Proceeds of sale.

17. Trustee and Trustee's counsel will seek the approval of the bankruptcy court for fees and other administrative expenses by subsequent motion, and such fees and other expenses as may be allowed by the court are to be subordinated to the claims of lien of the Internal Revenue Service, pursuant to the terms of the <u>Internal Revenue Service Consent To Sell Real Property With Liens Subordinating To Administrative Claims As Allowed By The Court And Balance of Proceeds Attaching To The Proceeds of Sale</u>, filed herewith.

**WHEREFORE** your trustee prays that:

a. the court accept the Bid of Nathan Babcock and Jill A. Killian (Bid) to purchase the Subject Property for $225,000, or the highest overbid on the same terms as the Bid;

b. the terms of overbids, as stated in the Notice of Motion And Hearing Thereon be accepted and approved by the court;

c. Trustee be authorized to execute any and all documents necessary to transfer title of the subject property to the highest bidder;

d. Trustee be authorized to instruct payment from escrow for all senior liens, customary escrow and title expenses, pro-rated

Motion　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 6 of 7
BLL-3

property taxes, and all incidental costs directly related to the sale of the subject property, including a 6% Realtor commission;

e. Trustee be authorized to deposit the Net Proceeds of sale into a segregated account with the claims of lien of the Internal Revenue Service, Capitol One, and the State of California, Employment Development Department, attaching to the proceeds of sale with the same dignity and priority as they previously attached to the Subject Property; and

f. That to the extent the net proceeds of sale are insufficent to satisfy the liens of Capitol One, and the State of California, Employment Development Department, such liens be deemed to be unsecured pursuant to 11 U.S.C § 506(a);

g. for such further relief as may be deemed proper and just at the hearing in this matter.

DATED: March 15, 2010

BY: _____
BYRON LEE LYNCH,
Attorney for Trustee

Law Office Of
BYRON LEE LYNCH
P.O. Box 685
Shasta Lake, CA 96019